NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLA PEDERSON, | No. 14-35915 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00725-CL |
| v. | |
| KLAMATH COUNTY; MITCHELL, Dep. Personally; TIM EVINGER, Mr.; JOHN DOES, 1-5, personally, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted May 12, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,** District Judge.

After the Oregon Department of Human Services ("DHS") was unable to

locate a child, "L.P.," to assess his safety, Oregon state courts issued two protective

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

custody orders under Or. Rev. Stat. § 419B.150(1) providing "that the welfare of the child requires that [he] immediately be taken into custody." The second order also stated that "[l]aw enforcement entry into the residence in which the child is located will be necessary." Pursuant to these orders, Klamath County Sheriff's Office deputies entered Carla Pederson's home after receiving information from DHS that L.P. was there. In this suit against the deputies, County Sheriff Tim Evinger, and Klamath County, Pederson asserts violations of her rights under the Fourth Amendment and Oregon tort law. The district court granted the defendants' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court granted summary judgment to the deputies on Pederson's 42 U.S.C. § 1983 claim both because it found no Fourth Amendment violation and because the deputies were entitled to qualified immunity. We focus on qualified immunity, because "the Supreme Court warned against beginning with the first prong of the qualified-immunity analysis when it would unnecessarily wade into 'difficult questions' of constitutional interpretation that 'have no effect on the outcome of the case.'" *Sjurset v. Button*, 810 F.3d 609, 615 (9th Cir. 2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 236-37 (2009)). If the unconstitutionality of the searches was not "clearly established" in August 2011, when they were conducted, the deputies are entitled to qualified immunity, even if their actions violated the Fourth Amendment. *Pearson*, 555 U.S. at 232.

2

Pederson has not identified a case in which officers searching for a child pursuant to a protective custody order that authorized entry into a residence where that child is located were found to have violated the Fourth Amendment. Rather, she cites only cases involving search and arrest warrants which define the law "at a high level of generality." *Sjurset*, 810 F.3d at 615 (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742 (2011)). In the absence of clearly established law indicating that their actions were unconstitutional, the deputies were entitled to qualified immunity. *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam). Indeed, this court recently held that, as of February 2010, officers did not violate clearly established law by entering a home pursuant to a DHS protective custody determination under § 419B.150(1), even without a court order. *Sjurset*, 810 F.3d at 617. We thus affirm the summary judgment in favor of the deputies on the § 1983 claim.[1]

2. Even assuming that the deputies' searches were unconstitutional, Pederson produced no evidence warranting the imposition of *Monell* liability on Klamath County. The record contains no evidence that the warrantless searches of Pederson's home were conducted pursuant to an official County custom, policy, or practice. *See Gillette v. Delmore*, 979 F.2d 1342, 1346, 1349 (9th Cir. 1992) (per curiam) (citing

---

[1] Because Pederson failed to "show [Sheriff Evinger] was personally involved in the deprivation of [her] civil rights," summary judgment on the § 1983 claim against him was independently warranted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978)). We therefore affirm the summary judgment to the County on her *Monell* claim.

3. Because Pederson failed to show that the deputies "desire[d] to" enter her home without authorization or believed that they were "substantially certain to" do so, we affirm the summary judgment on her state law intrusion upon seclusion tort claim. *See Mauri v. Smith*, 929 P.2d 307, 310-11 (Or. 1996).

**AFFIRMED.**